IN THE UNITED STATES DISTRICT COURT

FOR THE __11th__ DISTRICT OF __Alabama__

FOR THE DIVISION OF __Northern__

DOCKET NO: __CR 08-J-313-S__

__Christine McKim__, PETITIONER   2:18-cv-08030-AKK

VS.

UNITED STATES OF AMERICA,
                   RESPONDENT

---

MOTION PURSUANT TO 28 U.S.C. §2255 IN LIGHT OF THE RETROACTIVE EFFECT OF JOHNSON V UNITED STATES, 576 U.S., 135 S.Ct 2551,(2 PROGENY, GONZALEZ-LONGORIA V U.S., NO. 15-40041, S.CT

AKK
new judge
on case
2255

COMES NOW, the petitioner in this matter, Ms. __Christ__ proceeding pro se, respectfully asks of this Court, to vac her sentence for resentencing, as, said sentence is premis__ __ __ unconstitutional statute, invalidated by the holding in the aforementioned cases. In support thereof she states:

> ACTIO ARBITRA'RIA, AN ACTION DEPENDING
> ON THE DISCRETION OF THE JUDGE. POWERFUL
> WORDS, HAVING AN IMMENSE AFFECT AS IT
> RELATES TO THE DEPRIVATION OF LIBERTY.
> SCOTUS, HAS NOW DEEMED THAT THOSE OFFENDERS
> FACING SENTENCES, OR HAVING BEEN SENTENCED,
> UNDER THE PROVISION OF THE "RESIDUAL CLAUSE",
> AS IT RELATES TO THE AFOREMENTIONED LATIN
> PHRASE, ARE NOT, AND DID NOT RECEIVE
> DUE PROCESS.

---

When Congress enacted legislature, it was with the intention that any 'factor' causing a deprivation of liberty, should be handled via due process. It was never the intention for Judges, to use their sole discretion based on prospectus.

2.

In retrospect, due process mandates that all factors should be soluble and not transparent. As to the 'residual clause', there was some form of breakdown, somewhere along the line, that ultimately led to constitutional violations. One departs from settled rules of law rather than let crimes and wrongs remain, especially, when there is an interpretation doubtful, as to liberty. The decision must be in favor of liberty. We must have recourse to what is extraordinary when what is ordinary fails. The recourse is, when it comes to those unfortunate individuals, who have been sentenced to enhanced sentences, based on the 'residual clause', or wording similar to, we <u>must</u>, vacate the sentence and remand, for further proceedings, based solely on the holdings in not only <u>Johnson</u>, and <u>Gonzalez-Longoria</u>, but also <u>Welch v U.S., S.CT 2016</u>, as this case expressed retroactivity.

CASE SUMMARY

3.

Johnson, with its retroactive effect, now expressed through Welch, invalidates the statute 18 U.S.C. 924(e)(2)(b)(ii), the residual clause of the Armed Career Criminal Act of 1984. The holding itself, affects a rule that is of a substantive rather than procedural nature, as it alters the range of conduct or the class of persons that the law punishes.

Wherefore, opening the door to those individuals whose cases, as to sentencing, are predicate on this clause, and numerous other cases, where individuals have been enhanced based on clauses, similar to the aforementioned clause. So, what do we do? As the Johnson ruling has now become retroactive, we allow those the opportunity to file motions pursuant to §2255 within the established tolling period, pursuant to Dodd. The filing cutoff technically would be (1) year therein as of the ruling in Welch, but to avoid arguendo, this motion is timely filed within the (1) year mark, as to Johnson, the day the Supreme Court ruled in his favor.

Samuel James Johnson has made history. His case; Johnson v U.S., 576, U.S. 135 S.Ct 2551, 192 L.Ed, 2d 569; has set a precedent, unlike any other, most argueably since Booker. The Court held" "where defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 USCS §922(g), and received a (15) year prison term under the ACCA, remand was warranted because imposing an increased sentence under 18 18 USCS §924 (e)(2)(b)'s residual clause violated the Fifth Amendment's

4.

guarantee of due process since the indeterminacy of the wide-ranging inquiry required by the residual clause both denied fair notice to defendants and invited arbitrary enforcement by Judges."

OUTCOME: JUDGEMENT REVERSED AND CASE REMANDED.

See Martinez v U.S. 136 S.Ct 545, 11/30/2015(1st), Maldonado v U.S. (5th) 2/11/16 No.15-6134 , Berry v U.S. 136, S.Ct(4th No. 15-5970 11/2/15, Caldwell v U.S. 136 S.Ct 417, 193 L.Ed.2d 309(6th), MCCarthren v U.S. 136 S.Ct 332, 193 L.Ed. 2d 223(11th), Mayer v U.S. 135 S.Ct 2942, 192 L.Ed.2d 974(9th), Jones v U.S. 135 S.Ct 2944 192 L.Ed.ed 972 (3rd), all vacated and remanded in light of Johnson , these all being abjudicated, prior to the ruling in Welch , which showed the Court's propensity to stare decisis.

AS THIS RELATES TO THE PETITIONER:

The Johnson case was presumed by most to only affect those defenders having been enhanced under the ACCA or Career Criminal provisions. But now with, Gonzalez-Longoria, who was not a career criminal, but was enhanced udner 18 U.S.C. §16(b), the Court felt that the wording was the same, or almost the same as the wording under the residual clause. Gonzalez-Longoria received an (8) level enhancement on his re-entry conviction, due to his previous domestic assualt conviction. The court had deemed that said conviction, qualified as a "crime of violence". The SCOTUS disagreed. The U.S. Court of Appeals for the Fith Circuit, announced on February 26, 2016, that it would rehear a case in which a divided panel declard that the definition of the term "crime of violence" was unconstitutionally vague on its face. (Gonzales-Longoria). The term, triggered the 'aggravated felony' provision in USSG §2L1.2(b)(1)(c), causing the enhancement.

Section §16 suffers from the same infirmities 'because at bottom, §16 requires courts both to imagine an ordinary archetypical case

5.

and then to judge that imagined case against precise standard. Stare decisis has occurred in the Fifth, Seventh, and Ninth Circuits, all declaring that 18 U.S.C. §16 is void for vagueness. The petitioner, Christine McKim falls into the category of persons who qualify under this rule, and states the following reasons why:
See attachment

Anytime there is some ambiguity, especially when questions of of Constitutional rights have been raised, we *must* ascertan a motion presented by the petitioner, to decide whether said person is being held in violation of the Amendment rights, as this could add up to a travesty of justice, if not rectified.

These principles apply not only to statutes defining elements of crimes, but also statutes fixing sentences. See U.S v Batchelder 442, US 114, 129 99 S.CT 2198(79), This is because the Supreme Court's interpretation of a statute means exactly what the statute should have meant from the day it was enacted. quoted from U.S. v McKie, 73 F.3d 1149, 1151 (D.C. Cir. 1996). Judgement is not given on matters that are not clear. The Court can not be any clearer. We have to stop issuing out these sentences to individuals based on what " A judge may think" . We must vacate said sentences, as they are unlawful, unjust, unfair, and most importantly, unconstitutional.

Ipso facto, even as to the issuance of a Certificate of Appealability, one can not use the term, "petitioner has already filed a motion pursuant to 28 U.S.C. §2255, arguing the same argument already, wherefore petitioner is procedurally barred," because at that time, Johnson nor Welch was ruled upon, nor, at the time, was the statute deemed invalid and unconstitional. Miller-El v. Cockrell, 537, U.S. 322,337 (03), holding: " Obtaining a C/O/A does not require a showing that the appeal will succeed," and " a Court of Appeals should not decline the application.....merely because it believes the applicant will not demonstrate an entitlement to relief." There has also been uniform Appellate case law holding that an individual serving an enhanced

7.

sentence may invoke federal habeas to reduce the sentence to the extent that it was lengthened by a prior unconstitutional conviction.

The ruling in Gonzalez-Longoria, Welch and Johnson were not capricious. SCOTUS has shown a propensity towards this 'change of law' since Descamps and even Apprendi. Where in those cases, it was never about guilt or innocence. It was about factors, that play a role in one's liberty. When the waters are muddy, we clear it, so that we can see through it. Law is the same. If it is not clear, SCOTUS makes a determination, and the decision is 'the law of the land.'. A determination has been made, and because of said law, Ms. McKim sentence, must be vacated and remanded, for further proceedings.

In closing, tacita quaedom habentur pro expressis. Certain things though unexpressed, are considered expressed.

Respectfully,
Christine McKim

CERTIFICATE OF SERVICE

I, Christine McKim hereby state under the penalty of perjury, that the hereto motion was placed in the prison mailbox on 9/12/18, and mailed to the clerk fo courts for the 11th district of Northern, at the following address.

U.S Distrct Court Clerk 1729 5th Ave N Birmingham Alabama 35203

Christine McKim
    signed           Dated: 9-12-18

Petitoner Christine McKim
reg# 27201-001
FCI Aliceville
PO Box 4000
Aliceville, Al  35442

United States

v.    Case number: 2:08-cr-00313-
                                IPJ-RRA-2
Christine Mckim

***********************************************************************
Memorandom Attachment to 2255 Johnson Supplement to 2255
***********************************************************************

Comes now, Christine Mckim, pro se. Mckim was enhacement as a repeat offender by 5 points. Pursant to 4B1.5 repeat and dangerous sex offense against minor if the defendant's instant offense of conviction is a covered sex crime. Counts 1-21 dotnot meet the requriements for the 5 point enhancement that was given for pattern of activity. The Johnson case has addressed enhancements for priors and Mckim has NONE. There has not been a pattern of any activity. Therefore her offense level that is a 51 is incorrect. Mckim did not have any prior sex offenses and it was noted in her PSI that this did not apply to her yet she was still given these points. The Johnson descision, has changed how the courts should look at each case. Johnson conclueded that the process of determining what is embodied in the ordinary case. rather than " real world facts" is factually flawed rending enhacements uncontitutionally vauge. " Grave uncertainty" surrounds the method of determing the risk posed by Judicially imagined ordinary case. Johnson @2257. The residual Clause offers no reliable way to choose between competing accounts of what "ordinary " involves," ID 2258. The Johnson court considered and rejected different ways that a court might envision the hypothetical ordinary case since the statute offers no guidance

Specifically, the court explained that a statistical analysis of reported cases, surveys, expert evidence, google and get instinct are all equalley unreliable in determing the ordinary case. ID@ 2257,quoting United States v Mayer,560 f.3D 948 952 (9th Cir.09). Mckim's counts were also "Grouped" into 6 groups but yet sentenced to each individual count. This is another enhancement that is a direct violation of her rights. It is unconstitutionally vage as to the reason for the groups other than an additional enhancement that should be only applied to a repeat offender just like the pattern of activity enhancement Johnson has concluded that the statistical and "common sense" methods have "failed to establish any generally applicable test that prevents the risk comparison requried by the risidual clause from delving into guess work and intuition. "Johnson @ 2259 ( referring to Chambers v United states, 555 US 122 (2009), and Sykes v United states, 564 US 1 (2011). This flaw alone establishes the Risidual clause's and enhancements, unconstitutionally vauge. This also falls into Double Jeopardy and multplicity. All of these enhancements that are vauge and unconstitutionally vague do not apply to Mckim and are the only way she was given an unjust sentence of 450 years for a frist time offender. Mckim's was also given a 4 point enhancement for sdo which this also fits unto the unconstitutionally vagueness that the Johnson case has referenced. Again gut insticts are flawed and are equally unreliable in determining what is and is not in this catagoory. Mckim had no control or willingness in any way of the situations that have been charged against her. Mckim was forced to do what she was told. Her co-defendant had made serval threats to harm

her and her children. He was arrested on one instince. Under the 18 U.S.C. 924(c)(3)(A) is consider " force clause". (A) a felony that " has as an element that use, attempted use, or threatened use of physical force against the person or property of another," or (b) a felony " that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense 18 U.S.C 924 (c)(3)(a) is refered to as the force clause whereas 18 U.S.C 924 (c)(3)(B) is referred to as the "residual clause". United States v Brown (13-1706) (2nd Cir June 14, 2016) At sentencing the district court sentenced Brown to 60 years imprisonment ( three 20 year sentence to be run consecutivly) The court noted Brown allegedly " destroyed the lives of 3 specific children". The children in Browns case had " no knowledge of being victized by Brown." So there was no "negative impact". The court concluded that it was appropriate to remand for resentecing to ensure that the sentence is not based on erroneous understanding of the facts. Although the court expressed no definitive views on the subtantivie reasonableness of the original sentence imposed, the court respectfully suggest that the district court consider whether an effective life sentence is warranted in this case. Mckim's enhancements should not include the 5 points for pattern of activity nor the 5 units for the groups. She should also not have the 4 point enhancement for sado which she was forced into. Mckim sentence has been run consective to be a life sentence without the merits to make this even possible .



⇧27201-001⇧
U S Distrct Court Clerk
1729 5TH AVE N
Birmingham, AL 35203
United States

**FCI Aliceville Mail Room**

Date Rec'd 9-12-18

Time: 11:25ᵗʰ